```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

SUELLEN SHAW,                        *
                                     *
     Plaintiff,                      *
                                     *
vs.                                  *  CIVIL ACTION NO. 14-00111-CG-B
                                     *
MOBILE COUNTY PUBLIC SCHOOL          *
SYSTEM, et al.,                      *
                                     *
     Defendants.                     *
```

### Report and Recommendation

This action is before the Court on Defendant Martha L. Peek's Motion to Dismiss (Doc. 7) and Defendants Board of School Commissioners L. Douglas Harwell, Jr., Reginald A. Crenshaw, William Foster, Don Stringfellow, and Tracey Roberson's Motion to Dismiss (Doc. 8). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that the motions be GRANTED.

   I.   Background

In her complaint, Plaintiff Suellen Shaw alleges that she was employed as a teacher with the Mobile County School System, and that she has been denied vacant Driver's Education teacher positions on account of her gender. (Doc. 1). In the style of her complaint, Plaintiff lists as Defendants, the Mobile County School System, Martha L. Peek, in her official capacity as the

Superintendent of the Mobile County School System, and School Board Commissioners L. Douglas Harwell, Jr., Reginald A. Crenshaw, William Foster, Don Stringfellow, and Tracey Roberson, in their individual and official capacities.  In the body of her complaint, Plaintiff asserts that the individual Defendants are being sued in their official capacity only. (Doc. 1 at 2-3).

As noted *supra*, Superintendent Peek, and the School Board Commissioners have filed motions seeking the dismissal of Plaintiff's claims against them. (Doc. 7).  In her motion, Defendant Peek argues that because the Mobile County School System is Plaintiff's employer, and has been named as a defendant in this action, Plaintiff's "official capacity" claim against her should be dismissed as redundant.  Defendant Peek further argues that she is not an employer for purposes of Title VII liability. (Doc. 13 at 2).

The School Board Commissioners seek the dismissal of Plaintiff's claims against them on the ground that relief under Title VII is only available against the employer and not the individual employees. (Doc. 8).  Plaintiff filed a response opposing the dismissal of Peek in her official capacity. (Doc. 11).  Plaintiff contends that because Peek implements procedures adopted by the board and supervises school programs and personnel, it is necessary to ensure that the Court has jurisdiction over her in order to enforce any judgments.  Also, Plaintiff filed a stipulation of dismissal (Doc. 12), wherein

2

she asserts that "It is the intent of this stipulation to dismiss the named parties only in their individual capacities." (Doc. 12).

**II.  Analysis**

In Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991), the Eleventh Circuit addressed official capacity claims in suits where a municipal entity has also been named.  In Busby, the plaintiff sued the city of Orlando, and several officers for race discrimination and violations of her constitutional rights in connection with her termination from her airport safety officer position. Id.  After the trial court granted a directed verdict in favor of the individual defendant officers one of the issues on appeal was whether the trial court erred in finding that because the plaintiff's official capacity claims against the defendant officers were identical to her claims against the city of Orlando, her official capacity claims were due to be dismissed as redundant.  On appeal, the Eleventh Circuit held that "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly... To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury." Id., 931 F.2d at 776.

According to the Court, in such a situation, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." Id., 931 F.2d at 772; see also M.R. v. Bd. of Sch. Comm'rs of Mobile County, 2012 U.S. Dist. LEXIS 99535, 2012 WL 2931263 (S.D. Ala. July 18, 2012) (explaining that courts in this Circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and thus they dismiss the official-capacity claims against the individual defendant on that basis); Lewis v. Eufula City Board of Education, 922 F. Supp. 2d 1291 (M.D. Ala. 2012) (because the plaintiff named the school board as a defendant on her Title VII retaliation claim, naming the school superintendent and school board members as defendants in their "official capacities" was redundant; thus, those claims were dismissed).

In the case at hand, Plaintiff, through her stipulation of dismissal (Doc. 12), has made clear that she is seeking to sue the individual Board members and Superintendent Peek in their "official capacities" only. Because Plaintiff has also named the Mobile County School System as a defendant in this action, her "official capacity" claims against these individuals are due to be dismissed as redundant. While Plaintiff asserts that Superintendent Peek is a necessary party, she has not cited any

4

case authority that would prevent the Court from enforcing a judgment or entering injunctive relief against the Mobile County School System if Superintendent Peek were not a party to this action.  Accordingly, the undersigned recommends that Defendants' motions be granted, and that Plaintiff's claims against Superintendent Peek and School Board Commissioners Harwell, Crenshaw, Foster, Stringfellow, and Roberson be dismissed.

### III. Conclusion

Based on the foregoing, the undersigned recommends that Defendants' motions (Docs. 7, 8) be **GRANTED**, and that Plaintiff's claims against Superintendent Peek and School Board Commissioners Harwell, Crenshaw, Foster, Stringfellow, and Roberson be DISMISSED.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama,

5

715 F.3d 1295, 1300 (11th Cir. 2011).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this **14th** day of **May, 2014.**

                                          **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**